Filed
6/10/2021 4:50 PM
Dwight D. Sullivan
County Clerk
Galveston County, Texas

Cause No. CV-0088590 _____

| | | |
|---|---|---|
| TIERRA DE LOS LAGOS, LLC d/b/a BEE SAND COMPANY, | § § § | IN THE COUNTY CIVIL COURT |
| *Plaintiff*, | § § | |
| v. | § § | AT LAW NO. _____ |
| | § | Galveston County - County Court at Law No. 3 |
| PONTCHARTRAIN PARTNERS, LLC | § § | |
| *Defendant.* | § | GALVESTON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

Plaintiff Tierra de Los Lagos, LLC d/b/a Bee Sand Company ("Bee Sand"), files this Original Petition and Request for Disclosure complaining of Defendant, Pontchartrain Partners, LLC ("Pontchartrain"), and in support thereof would show the following:

### DISCOVERY CONTROL PLAN

1.      Plaintiff seeks monetary relief in excess of $100,000, but not more than $200,000. Discovery will be conducted in accordance with a level 2 discovery control plan under Rule 190.3 of the Texas Rules of Civil Procedure.

### PARTIES

2.      Plaintiff, Tierra De Los Lagos, LLC d/b/a Bee Sand Company, is a Texas incorporated company doing business in Harris County, Texas.

3.      Defendant Pontchartrain Partners, LLC is a Limited Liability Company based out of New Orleans, Louisiana doing business in Galveston County, Texas and may be served with Plaintiff's Original Petition and Request for Disclosure by serving its registered agent, James Washington, 650 Poydras Street, Suite 1400, New Orleans, Louisiana 70130, or wherever it may be found.

**Exhibit "A"**

### VENUE AND JURISDICTION

4.      Venue is proper in Galveston County, Texas pursuant to Tex. Civ. Prac. Rem. Code 15.035(a). The contract made the basis of Plaintiff's suit was executed and was to be performed in Galveston County, Texas. Furthermore, venue is proper in Galveston County, Texas pursuant to Tex. Civ. Prac. Rem. Code 15.002(a)(1). A substantial part of the acts and omissions giving rise to this claim occurred in Galveston County, Texas. This court has jurisdiction over this case and the damages sought are within the jurisdictional limits of the court.

### FACTS

5.      Plaintiff, Bee Sand, is a local supplier that provides delivery of material, including sand and clay, for use in various types of construction projects.

6.      Defendant Pontchartrain submitted an Application for Credit with Bee Sand and entered into an agreement for the Plaintiff to provide and deliver clay fill.

7.      During the months of November 2018 through April of 2019, Plaintiff provided services and materials to Defendant for a project located in Texas City, Galveston County. Defendant failed to pay for the materials and services provided.

### BREACH OF CONTRACT

8.      Plaintiff fully performed its duties under its agreement with Pontchartrain and provided material and services at Defendant Pontchartrain's request.

9.      Defendant Pontchartrain materially breached the agreement by failing to timely pay for the material and services provided.

10.     Defendant Pontchartrain's breach caused injury to the Plaintiff, which resulted in damages of $112,870.00, plus interest, court costs, and attorney's fees.

## SUIT ON SWORN ACCOUNT

11.     All preceding paragraphs are incorporated herein for all purposes.

12.     Plaintiff provided goods and/or services to Defendant Pontchartrain on open accounts. Defendant Pontchartrain accepted the goods/services and became bound to pay Plaintiff its designated charges, which were according to the terms of the Parties' agreements and were reasonable and customary for such services.

13.     Plaintiff attaches the accounts as Exhibits B and incorporates them by reference. The account accurately sets forth the goods and services Plaintiff provided to the Defendant, the dates of delivery and performance, and the amount of the goods and services Plaintiff provided. The account is set forth in business records Plaintiff systematically keeps in the ordinary course of business.

14.     After the goods or services were delivered and performed, Defendant failed to make any payment to the Plaintiff.

15.     Plaintiff's claims are just and true, are due, and all just and lawful offsets, payments, and credits have been allowed. Plaintiff attaches an affidavit verifying these facts as Exhibit A and incorporates it by reference.

16.     The amount due on the account for services performed and material delivered for Defendant is $112,870.00.

## QUANTUM MERUIT

17.     Plaintiff provided compensable goods and services to Pontchartrain.

18.     Pontchartrain accepted those services and materials.

19.     Pontchartrain accepted those services and materials under circumstances as would reasonably notify them that the Plaintiff expected to be paid.

-3-

20.     Plaintiff was deprived of the fair market value of those services and materials due to Pontchartrain's failure to pay for them.

## MISAPPLICATION OF TRUST FUNDS

21.     Defendant received construction payment for a contract for the improvement of real property in Texas. Such payments constitute trust funds and plaintiffs are beneficiaries of the trust funds. TEX. PROP. CODE § 162.003.

22.     Defendant acted with intent to defraud by retaining, using, disbursing or diverting trust funds, and by failing to establish and maintain a construction account as required by Section 162.006 of the Texas Property Code, or by failing to maintain an account record as required by Section 162.007 of the Texas Property Code. TEX. PROP. CODE § 162.003.

23.     Defendant's conduct was a proximate cause of damages to Plaintiff.

## ATTORNEY'S FEES

24.     Plaintiff presented these claims to Defendant and demanded payment thereof more than thirty (30) days prior to the filing of the suit. After said claims were not paid or otherwise satisfied, Plaintiff retained the undersigned attorney to represent it in collection thereof. Plaintiff is entitled to recover reasonable attorney's fees pursuant to the terms of parties' agreements and Chapter 38 of the Texas Civil Practice and Remedies Code, for all of which the Defendants are liable.

## CONDITIONS PRECEDENT

25.     All conditions precedent to Plaintiff's claims for relief have been performed or have occurred.

## REQUEST FOR DISCLOSURE

26.     Pursuant to Texas Rule of Civil Procedure 194, Defendant is requested to disclose within 50 days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2.

## PRAYER

Plaintiff prays that the Court grant Plaintiff a Judgment against Defendant, Pontchartrain for:

a.     Actual damages;

b.     Pre- and post-judgment interest;

c.     Reasonable and necessary attorney's fees;

d.     All costs of court expended; and

e.     Such other and further relief, both general and special, at law and in equity, to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

WALLACE & ALLEN, LLP

/s/ Benjamin W. Allen
Benjamin W. Allen
State Bar No. 24069288
Wallace & Allen, LLP
440 Louisiana, Suite 1500
Houston, Texas 77002
Telephone: (713) 227-1744
Facsimile: (713) 227-0104
ballen@wallaceallen.com

ATTORNEY FOR PLAINTIFF
TIERRA DE LOS LAGOS, LLC d/b/a
BEE SAND COMPANY